ANNE MANNING, AS ADMINISTRATRIX, ETC., RESPONDENT, *v.* THE PORT HENRY IRON COMPANY OF LAKE CHAMPLAIN, APPELLANT.

*Action for damages — allowance of interest from the time of the death —1870, chap. 78 — power of the court to examine the jury to see if they have included it.*

APPEAL from an order made at Special Term, denying the defendant's motion to set aside the verdict and vacate the judgment entered herein.

The action was brought to recover damages against defendant for its having, by its alleged wrongful act and negligence, caused the death of Thomas Manning, plaintiff's husband.

The verdict, as appears by the minutes of trial kept by the clerk, and as recorded and entered in the judgment roll, is as follows: "The jury came into court and rendered a verdict for the plaintiff in the sum of $3,000. The jury on being inquired of by the court whether they intended to include interest, by the direction of the court retired to consider the matter, and again returned into court and said they included interest to date."

The last sentence was added by the clerk without the direction of the court and without the knowledge of the jury. It appeared that when the clerk made inquiry of the jury if they had agreed upon a verdict, the foreman replied that they had agreed upon a verdict for the plaintiff in the sum of $3,000. The clerk then made an entry upon his minutes as follows: "The jury then came into court and rendered a verdict for the plaintiff in the sum of $3,000." The clerk then addressed the usual question to the jury and they assented to the verdict as so rendered. The plaintiff's attorney and counsel were then in court, and one of them made inquiry of the court as to whether interest was to be computed on the verdict, and suggested that the clerk be instructed to add interest.

The court then said: "I don't know about that; I will see; perhaps the jury have included interest." The court then inquired of the jury whether they intended the verdict to include interest. Under the direction of the court the jury retired, and having returned into court, the foreman said: "No interest." Whereupon the court said: "Then you are entitled to interest." Plaintiff's attorney then remarked: "The rate will be seven per cent, I suppose?" Upon which the foreman of the jury said: "We intend to include interest to date." The clerk then entered in his minutes what follows the $3,000, as above.

On the 16th of August, 1881, judgment was entered in favor of plaintiff, as appears by the judgment roll "in the sum of $3,000, and the further sum of $923.92, being the interest thereon from the 1st day of February, 1877, to the 24th day of June, 1881, and the further sum of $34.66, being the interest of the said sum awarded, computed by the clerk of the court, making in all $3,958.58."

The court at General Term said: "There seems to have been a misunderstanding on the part both of the counsel and of the court

at the time of the trial in regard to the statute which gives interest on a verdict in these cases from the death of the deceased. (Laws 1870, chap. 78.) Evidently the statute was not before the court. Its provisions are quite peculiar, and it is not strange that both the court and the counsel might have thought that the allowance of interest depended on the question whether or not the jury had allowed interest. No objection was made to the consideration of this question by the jury ; or rather to their statement of the manner in which they had determined the damages. Their verdict was in substance a statement that they had found the damages at a sum which, with interest from the time of the injury, made at the date of the verdict $3,000.

"We think that the decision in *Warner* v. *New York Central and Hudson River Railroad Company* (52 N. Y., 437) shows that the statement by the jury that they intended interest to date was made while they were still a jury and before they were dismissed from the case, and therefore while the matter was in their power.

"It seems to us therefore that the plaintiff has already recovered (somewhat irregularly, it is true) interest on her damages from the death of the deceased to the date of the verdict, and that for this reason that interest, being $933.92, as stated in the judgment, should be stricken from the judgment, and that the order appealed from should be reversed, and order granted to this effect, without any costs to either party." ·

*Waldo & Grover*, for the appellant. ·

*John N. Gannon* and *Richard L. Hand*, for the respondent.

Opinion *Per Curiam.*

Present — LEARNED, P. J., and BOARDMAN, J.; LANDON, J., not acting

Order reversed and motion to strike out interest, of $933.92, granted, without costs.